UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| In re: JEFFREY CLEMENS | Civil Action No.<br>18-mc-91252-IT |

**MEMORANDUM AND ORDER**

**TALWANI, J.**                                                                                           October 7, 2020

Before the Court is Petitioner Jeffrey L. Clemens's 51-page Proposed Amended Complaint [#10] ("PAC"), construed as a renewed Petition for leave to file a complaint that is not barred by Judge Saylor's July 20, 2016 Order of Injunction. *Clemens v. Town of Scituate et al.*, Civ. No.13-11598-FDS, Order of Injunction [#71]. For the reasons stated below, Clemens may not proceed as to proposed defendants Jerry Laveroni, Stephen C. Pfaff, Town of Scituate, and Sandra Frankmann. Petitioner may submit for filing a Proposed Second Amended Complaint limited to the malicious prosecution claim against proposed defendant Michael O'Hara.

I. Background

   A. The Events of May 12, 2005 and Aftermath

Clemens alleges that on May 12, 2005, while fact-finding in Scituate, as a plaintiff in a California lawsuit against Jerry Laveroni, also a proposed defendant here, he questioned Jerry Laveroni's neighbor, proposed-defendant Sandra Frankmann. PAC ¶¶ 5-8, 19-27. Clemens alleges further that Frankmann provided some information and placed a call to a neighbor, apparently to assist Clemens. PAC ¶¶ 22-23. Clemens alleges that he then went to the home of Shelly Laveroni. PAC ¶¶ 6-9, 25-28. According to the Proposed Amended Complaint, Shelly Laveroni asked Clemens to leave and called the police. PAC ¶¶ 8-9. Clemens alleges that he left and was stopped by Scituate Police Officer O'Hara, and another officer. PAC ¶¶ 10-12. Clemens

alleges further that during the stop, he was informed by O'Hara that Clemens would be issued a criminal summons for impersonating a private investigator. PAC ¶ 12. Clemens alleges that upon questioning the reason for the criminal summons, O'Hara arrested him without cause for disorderly conduct. PAC ¶¶ 13-15.

Clemens claims he was "compelled" due to the unavailability of a witness to enter a plea to sufficient facts to the impersonating a private investigator charge, and a "Continued Without A Finding" disposition was made in that action. PAC ¶ 42. Clemens alleges that he later attempted to withdraw his plea by a Rule 30 motion in July 2009, which was denied in 2012. PAC ¶¶ 42-45, 140.

Clemens went to trial on the disorderly conduct charge and was convicted, but that conviction was reversed. PAC ¶ 62. The Commonwealth of Massachusetts refiled the charge, but the action was dismissed on June 16, 2015, after the Commonwealth failed to re-try Clemens within one year. PAC ¶¶ 150-155.

    B.    The Federal Civil Lawsuits

        1.    *Clemens I*

On May 3, 2007, Clemens filed a lawsuit against, of the proposed defendants here, the Town, Jerry Laveroni, and O'Hara, for purported violations of his civil rights relating to the events of May 12, 2005. *Clemens v. Town of Scituate et al.*, 07-cv-10845-RGS, Compl., [#1] ("*Clemens I*"). The action was dismissed on summary judgment on May 22, 2009, because at the time, among other things, there had been no favorable termination in his underlying criminal actions. May 22, 20009 Memorandum and Order, *Clemens I*, [#39].

2.  *Clemens II*

On October 27, 2009, Clemens filed his second lawsuit concerning this matter in *Clemens v. Town of Scitutate et al.*, 09-11821-WGY, Compl. [#1] ("*Clemens II*"). In *Clemens II*, Clemens alleged similar claims for negligence and/or malicious prosecution against, of the proposed defendants here, the Town, Stephen C. Pfaff, Jerry Laveroni, and O'Hara. *Id.*

During the course of the *Clemens II* litigation, Clemens sent a threatening email to Pfaff, who also was counsel in that action. *Clemens III*, March 8, 2010 Email from Clemens to Pfaff, [#32-1].

On March 9, 2010, Judge Young ordered Clemens to show cause why the action should not be dismissed with prejudice "for abuse of the civil justice system." *Clemens II*, Order to Show Cause, [#30]. On April 1, 2010, Judge Young held a hearing, concluding:

> Very well, I've read everything you have submitted with care and I listened today with care to what you now say. At the same time, having read that letter, that letter is so far beyond the pale of appropriate discourse in the courts, it threatens violence, it is completely scurrilous, it is utterly unacceptable, and I do dismiss this action with prejudice solely on account of that letter. No litigant may seek justice in the courts, no litigant may come in and engage in litigation in our courts and at the same time make such threats against other litigants. And I want to be very clear. I'm not basing it on anything other than the letter. Because you have a right to appeal. And if I have gone too far here an appellate court will tell me. So, I'm not taking issue with any other pleadings. There were actually some intriguing issues in the case. But this court will not tolerate such communications. I express no opinion. It is not my business, it is not within this Court's jurisdiction as to whether the letter constitutes any criminal violation. But it is sufficiently clear to this Court that sending that letter bars you from pursuing this action against any of these litigants, and that is the judgment of this Court.

*Clemens II*, April 1, 2010 Show Cause Hearing Transcript [#66] pp. 6-7.

On April 2, 2010, the Court entered judgment against Clemens, holding "this action is dismissed with prejudice due to plaintiff's abuse of litigation process through his scurrilous and

3

threatening communications." *Clemens II,* Judgment, [#63]. Clemens appealed, and on November 10, 2010, the First Circuit affirmed the dismissal, holding

> We have carefully reviewed the record in this case and the briefs of the parties, and we discern no error, legal or otherwise, or abuse of discretion in the district court's dismissal of Clemens's claims. Aoude v. Mobil Oil Corp., 892 F.2d 1115, 1117 (1st Cir. 1989). The judgment of the district court is affirmed.

*Clemens II*, Appeals Judgment, #80.

### 3.     *Clemens III*

On July 8, 2013, Clemens filed a third action, styled *Clemens v. Town of Scituate*, 13-cv-11598-FDS, Compl. [#1] ("*Clemens III*"). Judge Saylor dismissed the action on the grounds of *res judicata* based on the dismissals in *Clemens II*, including claims against, of the proposed defendants, the Town, Pfaff, O'Hara, and Jerry Laveroni. *Clemens v. Town of Scituate*, No. CV 13-11598-FDS, 2014 WL 12792990 *7 (D. Mass. June 16, 2014). Judge Saylor further enjoined Clemens from filing further actions without leave of court. On appeal, the First Circuit affirmed the dismissal of the action against all of the defendants with prejudice, except it converted the dismissal against O'Hara from a dismissal with prejudice to a dismissal without prejudice because the claim was not yet ripe as no favorable termination had been alleged, and had been reserved in the complaint in *Clemens II*. *Clemens III*, November 3, 2015 First Circuit Judgment, [# 64] at 2 ("We thus affirm the dismissal of all claims against O'Hara, however, we convert the dismissal to one without prejudice, because the claim for malicious prosecution of disorderly conduct against O'Hara was not ripe at the time his prior lawsuit was filed and was expressly reserved in the prior complaint."). The enjoinment order was vacated and remanded. *Id.* Judge Saylor, upon further motion, thereafter entered a renewed Order of Enjoinment ("the Enjoinment Order") which is currently in place:

> For good cause shown, and for the reasons set forth in the Court's Order dated June 16, 2014, plaintiff Jeffrey Clemens is hereby enjoined from filing further lawsuits in this Court, without first obtaining leave of Court, against the following individuals or entities: Stephen C. Pfaff; the Town of Scituate, Massachusetts; Shelly Laveroni; Jerry Laveroni; Ralph I. Sozio; John C. Rooney; Timothy Goyette; Jeannette M. Langlois; Ronald F. Moynahan; Richard Linehan; Daniel S. Morrison; or Trident Insurance Services Agency of New England, Inc. that arise from or relate to the arrest of Clemens on May 12, 2005, or any of the following actions: *Commonwealth v. Clemens*, 0558-CR-000954; *Commonwealth v. Clemens*, 0558-CR-001191; *Commonwealth v. Clemens*, 0558-CR-001192; *Clemens v. Town of Scituate*, 09-cv-11821-WGY; *Clemens v. Town of Scituate*, et al., 07-cv-10845-RGS; *Clemens v. Town of Scituate, et al.*, 13-cv-11598-FDS; *Clemens v. United States Marshals Service*, 13-cv-13084-WGY; or *United States v. Clemens*, 10-cr-10124-DPW. If Clemens seeks to file any complaint or lawsuit against such an individual or entity concerning the identified matters, except filings in currently pending actions or an appeal from this Order, he must file a written petition seeking leave to do so. The petition must contain a copy of this Order, together with the papers sought to be filed, and a certification under oath that there is a good-faith basis for the filing. The Clerk of Court shall accept the documents, mark them received, and forward them, for action on the petition to a judge of this Court authorized to act on matters on the Miscellaneous Business Docket of the Court. A copy of this Order shall be distributed to the Clerk of Court and to the session of each district judge. Any failure to comply with these requirements may result in additional sanctions, including monetary fines and punishments for contempt of court.

*Clemens III*, Order of Injunction, [#71]. This order was affirmed by the First Circuit. *Clemens III,* June 19, 2017, First Circuit Judgment, [# 81] ("After our own careful consideration of the record and the submissions of the parties, we conclude that the district court did not abuse its discretion or otherwise err by entering the subject order, which, as required, is narrowly drawn to counter the specific offending conduct and does not improperly preclude access to the courts with respect to unrelated matters.") (citations and quotations omitted).

On June 16, 2015, the state criminal action for disorderly conduct was dismissed. On June 11, 2018, Clemens filed this miscellaneous business action seeking leave to file a fourth civil action relating to the events of May 12, 2005. On June 25, 2019, the Court denied the original petition because, among other things, it sought relief against defendants that was barred by the doctrine of *res judicata* and did not comply with Fed.

5

R. Civ. P. 8. <u>June 25, 2019 Order</u>, [#7]. Rather than dismiss the action, the Court permitted Clemens to file a proposed amended complaint that did not include plainly barred claims. *Id.* On August 12, 2019, Clemens filed the <u>Proposed Amended Complaint</u>.

II.     Discussion

Having carefully considered Clemens's Proposed Amended Complaint in the context of First Circuit's mandate in *Clemens III,* the Enjoinment Order, and Clemens's prior actions in this Court, the Court finds that the Proposed Amended Complaint remains subject to the prescreening order because it includes claims against relating to the 2005 arrest and subsequent litigation against Stephen C. Pfaff, the Town, and Jerry Laveroni. On prescreening, the Court finds that Clemens may not proceed on any claims except the malicious prosecution claim against Michael J. O'Hara.

Clemens seeks to bring a claim against the Town for violation of 42 U.S.C. § 1983 for "allowing or facilitating the violation of the plaintiff's constitutional rights to a speedy and fair trial and to the confronting of accusers, and against unlawful seizure and imprisonment." As to this count, the Proposed Amended Complaint does not plausibly allege facts supporting municipal liability based upon a policy or custom under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). Clemens made similar arguments in 2014 when attempting to amend his complaint against the town in *Clemens III. Clemens III,* Mot. Amend, Compl. [# 27]. His motion to amend was denied as futile, *Clemens v. Town of Scituate*, No. CV 13-11598-FDS, 2014 WL 12792990, at *6 n. 9 (D. Mass. June 16, 2014), and the First Circuit affirmed that denial and dismissal of the Town with prejudice. *Clemens III*, November 3, 2015 First Circuit Judgment, [# 64] at 2. Those claims through the date of dismissal of June 16, 2014 are therefore barred by *res judicata*. *Clemens III*, Memorandum and Order [#48], and Order Dismissing Case

[#51]. Clemens allegations post-June 2014 fail to state claim because similar to his earlier claims, there are no plausible allegations of a "custom or policy" alleged under Monell.

Clemens seeks to bring claims that the remaining proposed defendants violated 42 U.S.C. § 1985(3). Under Section 1985(3), it is unlawful for:

> … two or more persons in any State or Territory [to] conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . .

42 U.S.C.A. § 1985(3). The First Circuit has held that under Section 1985(3), the conspiratorial agreement "must involve 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'" *Parker v. Landry*, 935 F.3d 9, 18 (1st Cir. 2019) (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971). In the absence of invidiously discriminatory animus, a Section 1985(3) claim fails. *Id.* Here, even presuming, without ruling, that the other elements are present, there are no allegations of a racial or class-based discriminatory animus. Accordingly, Clemens may not proceed with his Section 1985 claims.

As for the malicious prosecution claims against an unnamed state court employee, Clemens fails to plausibly plead a claim for malicious prosecution, and the individual is likely immune from suit in any event. *Powell v. Commonwealth of Massachusetts*, No. 16-CV-30004-MGM, 2016 WL 7115887, at *7 (D. Mass. Sept. 20, 2016), report and recommendation adopted, No. CV 16-30004-MGM, 2016 WL 7118260 (D. Mass. Dec. 6, 2016) (collecting cases).

The court makes no finding as to the viability of the sole remaining claim, namely, a claim for malicious prosecution of the disorderly conduct claim as to O'Hara, but will allow a complaint limited to that claim to proceed. See Clemens III, First Circuit November 3, 2015 Judgment, [#64] at 2 ("We thus affirm the dismissal of all claims against O'Hara, however, we

convert the dismissal to one without prejudice, because the claim for malicious prosecution of disorderly conduct against O'Hara was not ripe at the time his prior lawsuit was filed and was expressly reserved in the prior complaint."). Accordingly, Clemens may submit a Proposed Second Amended Complaint limited to this claim against O'Hara.

    III.    Conclusion and Order

The First Circuit held open a narrow avenue for Clemens to pursue O'Hara on a malicious prosecution claim if the state criminal action terminated favorably to Clemens, and later upheld Chief Judge Saylor's revised injunction. Clemens has the right to pursue that narrow claim; however, he does not have the right to revive barred claims and stale causes of action. For the reasons stated above, it is hereby ordered,

1. Clemens may file a Proposed Second Amended Complaint no later than October 30, 2020, limited to the claim against O'Hara for malicious prosecution of the disorderly conduct claim.

2. If so limited and timely filed, the court will direct the Clerk to open a new civil action with the Proposed Second Amended Complaint as the operative Complaint, and to note the action deemed filed as of June 11, 2018, for statute of limitations purposes. *See In re: Jeffrey Clemens*, Civ. No. 18-mc-91252, June 15, 2018 Order [#5]. The court will also require Clemens to pay the $400 filing and administrative fee or file a motion to proceed *in forma pauperis* in the new civil action.

3. Failure of Clemens to comply with this Order (such as by including additional defendants or claims in the Proposed Second Amended Complaint) will result in

dismissal of this miscellaneous business docket matter.

**So Ordered.**

DATED: October 7, 2020

/s/ Indira Talwani
INDIRA TALWANI
United States District Judge